IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CAMRON D. REED** | : | **CIVIL ACTION** |
| **WINCHELLA HOWARD** | : | |
| | : | |
| v. | : | |
| | : | |
| **MICHELLE PAYE, et al.** | : | **NO. 15-6745** |

**MEMORANDUM**

**ROBRENO, J.**                                                                                          **APRIL 19, 2016**

This civil action arises out of plaintiffs Cameron D. Reed and Winchella Howard's challenges to the removal of their children from their custody. For the following reasons, the Court will dismiss the second amended complaint.

**I.     FACTS AND PROCEDURAL HISTORY**

Plaintiff Cameron D. Reed initiated this civil action on December 21, 2015. He named himself as the only plaintiff and identified the City of Philadelphia, D.H.S. Human Service, Advocate for Children, and the City of Philadelphia Law Department as defendants. The complaint appeared to raise claims, pursuant to 42 U.S.C. § 1983, based on the defendants' involvement in state-court proceedings that resulted in the removal of plaintiff's minor children from his custody. However, as the complaint contained only sparse, conclusory allegations and relied almost entirely on voluminous exhibits, the Court had difficulty discerning the precise factual basis for Mr. Reed's claims against the defendants. Accordingly, after granting Mr. Reed leave to proceed *in forma pauperis*, the Court dismissed the complaint for failure to comply with Federal Rule of Civil Procedure 8(a) and for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Mr. Reed was given leave to file an amended complaint.

On January 29, 2016, Mr. Reed filed an amended complaint naming himself and Ms. Howard as plaintiffs and naming Michelle Paye, Glady Watson, Jule Belton, Ms. Amanda Aquilla, Ms. Barbara A. Ash, and ACS Fritz Haverstick as defendants. Mr. Reed's claims appeared to be related to state-court dependency proceedings initiated by employees of the Philadelphia Department of Human Services (DHS), which resulted in the removal of his children from his care. The Court dismissed Ms. Howard as a plaintiff without prejudice because she failed to either pay the filing fees or file her own motion to proceed *in forma pauperis*.

As to Mr. Reed's claims, the Court dismissed the amended complaint because it again failed to comply with Rule 8(a) or clearly state a claim for the following reasons:

> It appears that the defendants work for DHS and/or were involved in the dependency proceedings in some capacity. Mr. Reed alleges that, in September of 2012, DHS filed a report alleging that he neglected his three children. The children were subsequently removed from Mr. Reed's care. Mr. Reed alleges that Jule Belton "broke the law" and committed "misconduct and negligence." He further alleges that the state court "remove[d] [the] children for no reason."
>
> The amended complaint does not further elaborate on those allegations. Instead Mr. Reed attached voluminous exhibits to his pleading totaling over 350 pages. He subsequently filed an additional 221 pages of exhibits. It is apparent that Mr. Reed seeks to challenge conduct and/or proceedings that resulted in the removal of his children from his custody, however, as with the initial complaint, it is not clear from the amended complaint which constitutional rights Mr. Reed believes were violated, how each defendant violated Mr. Reed's constitutional rights, or what (if any) constitutional defects he believes existed in the proceedings involving his children. The Court will not guess from the numerous exhibits filed in this case the particular facts giving rise to Mr. Reed's claims.

(March 1, 2016 Order, Document No. 7 ¶ 2 (citations and footnote omitted).) The Court also explained in a footnote that "to the extent Mr. Reed is bringing claims against any of the defendants based on their role in preparing materials for or presenting matters to the state court in the course of legal proceedings related to his children, those defendants are entitled to absolute

2

immunity." (*Id.* at 2 n.1. (citing *B.S. v. Somerset Cty.*, 704 F.3d 250, 262 (3d Cir. 2013).)  Mr. Reed was given leave to file a second amended complaint.

On April 1, 2016, Ms. Howard filed a motion to proceed *in forma pauperis* and a complaint, which the Court will construe as the second amended complaint.[1]  The second amended complaint identifies Ms. Howard as the only plaintiff and names six defendants—Michelle Paye, Glady Waton (identified as a DHS employee), Jule Belton (identified as a social worker), Leslie Archer, Ms. Barbara A. Ash (identified as an Assistant City Solicitor), and Amanda Bavefield.  The second amended complaint alleges that it is based on a September 10, 2012 DHS report, which alleged that Ms. Howard's children were suffering from neglect and which was apparently the basis for the initiation of dependency proceedings.

The second amended complaint essentially alleges that Mr. Belton and Ms. Waton (also identified a Ms. Watson) committed perjury in connection with the state-court proceedings.  Ms. Howard further alleges that the state court removed the children even though there was no proof of neglect.  The second amended complaint indicates that the case was subsequently discharged in December of 2012, but that social workers continued to visit Ms. Howard's apartment in connection with calls they allegedly received about missed medical appointments.  Ms. Howard denies that she missed any medical appointments for her child.

Ms. Howard alleges that certain defendants are guilty of "court criminal corruption" and that others are guilty of "kidnap for profit."  (Sec. Am. Compl. ¶ III.C.)   She seeks to bring claims for monetary damages pursuant to 18 U.S.C. § 1621, 42 U.S.C. § 1983, and possibly 18 U.S.C. § 1001.

---

[1]     Mr. Reed failed to file a second amended complaint in the time period required by the Court's order.  Accordingly, the Court will dismiss him as a party to this action.

## II.     STANDARD OF REVIEW

Ms. Howard is granted leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action.  As Ms. Howard is proceeding *in forma pauperis*, the Court must dismiss her complaint if it is frivolous, fails to state a claim, or seeks monetary relief from an immune defendant.  *See* 28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1086 (3d Cir. 1995).  To survive dismissal for failure to state a claim, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).   Conclusory statements and naked assertions will not suffice. *Id.*  Additionally, the Court may dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint and no further factual record is necessary.  *See Leveto v. Lapina*, 258 F.3d 156, 161 (3d Cir. 2001).  As plaintiff is proceeding *pro se*, the Court construes her allegations liberally.  *Higgs v. Attorney Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.     DISCUSSION

Ms. Howard cannot state a claim under 18 U.S.C. § 1621 or 18 U.S.C. § 1001 because those federal criminal statutes do not give rise to civil liability.  *See Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) ("We have been quite reluctant to infer a private right of action from a criminal prohibition alone."); *Davis v. Jordan*, 573 F. App'x 135, 137 (3d Cir. 2014) (nonprecedential) (per curiam) ("[A] private cause of action does not exist under 18 U.S.C. § 1001, which is a criminal statute."); *Oates v. City of*

4

*Phila. Civil Serv. Comm'n*, No. 97-1220, 1998 WL 107300, at *1 (E.D. Pa. Feb. 18, 1998) (no private cause of action for violations of 18 U.S.C. § 1621), *aff'd* 176 F.3d 472 (3d Cir. 1999) (unpublished table decision).  Accordingly, the Court will dismiss any claims raised under those statutes as legally baseless.

Turning to Ms. Howard's § 1983 claims, it appears that her claims are either barred by the statute of limitations or by principles of immunity.  A significant portion of Ms. Howard's claims appears to be based on the initiation of dependency proceedings in 2012 based on a report prepared by DHS, which apparently resulted in the removal of Ms. Howard's children from her custody.  Pennsylvania's two-year statute of limitations applies in § 1983 actions.  *See* 42 Pa. Cons. Stat. § 5524; *Wallace v. Kato*, 549 U.S. 384, 387 (2007).   The limitations period begins to run from the time "the plaintiff knew or should have known of the injury upon which [her] action is based."  *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998).  As the second amended complaint suggests that Ms. Howard's children were initially removed from her care in 2012, her claims related to the removal of her children must have been raised by 2014.  *See Bennett v. Susquehanna Cty. Children & Youth Servs.*, 592 F. App'x 81, 83 (3d Cir. 2014) (nonprecedential) ("Bennett's cause of action for all claims accrued at the time of the alleged unlawful seizure and withholding of her two minor children on November 18, 2009." (footnote omitted)).  As Ms. Howard did not file her complaint until April 1, 2016, and as the complaint does not reflect a basis for tolling, her claims based on the events of 2012 are time-barred.[2]

Furthermore, to the extent Ms. Howard is suing the defendants in connection with their role in preparing materials for or presenting matters to the state court in the course of judicial proceedings related to her children, and/or for prosecuting dependency proceedings on behalf of

---

[2] The claims would be time-barred even if Ms. Howard is entitled to the benefit of Mr. Reed's December 21, 2015 filing date.

5

the Commonwealth, the defendants are entitled to absolute immunity from such claims. *See B.S. v. Somerset Cty.*, 704 F.3d 250, 262-65 (3d Cir. 2013); *Ernst v. Child & Youth Servs. of Chester Cty.*, 108 F.3d 486, 495-97 (3d Cir. 1997). Indeed, it appears that most of Ms. Howard's claims are predicated on testimony or recommendations that certain defendants provided in court, such that absolute immunity applies. To the extent Ms. Howard's claims based on the September 2012 report are not barred by principles of absolute immunity, they are time-barred, as discussed above.

It is not entirely clear from the complaint whether Ms. Howard intended to raise claims based on events that occurred within the limitations period and based on conduct that would not be subject to immunity. If she did so intend, the factual basis for those claims is not clear form the complaint as pled. Accordingly, Ms. Howard will be given leave to file a third amended complaint in the event she can state a timely basis for a claim against a defendant who is not entitled to immunity. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112-13 (3d Cir. 2002) (holding that plaintiffs proceeding *in forma pauperis* who file complaints subject to dismissal under Rule 12(b)(6) should receive leave to file an amended complaint unless amendment would be inequitable or futile). An appropriate order follows.