
# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WINCHELLA HOWARD | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MICHELLE PAYE, et al. | : | NO. 15-6745 |

## MEMORANDUM

**ROBRENO, J.**                                                                MAY 27, 2016

Currently before the Court is the third amended complaint in this civil action, which challenges the removal of Cameron D. Reed and plaintiff Winchella Howard's children from their custody. For the following reasons, the Court will dismiss the third amended complaint.

### I.   FACTS AND PROCEDURAL HISTORY

The Court set forth the procedural history of this case in its April 19, 2016 memorandum, but will repeat the history here. Plaintiff Cameron D. Reed initiated this civil action on December 21, 2015. He named himself as the only plaintiff and identified the City of Philadelphia, D.H.S. Human Service, Advocate for Children, and the City of Philadelphia Law Department as defendants. The complaint appeared to raise claims, pursuant to 42 U.S.C. § 1983, based on the defendants' involvement in state-court proceedings that resulted in the removal of Mr. Reed's minor children from his custody. However, as the complaint contained only sparse, conclusory allegations and relied almost entirely on voluminous exhibits, the Court had difficulty discerning the precise factual basis for Mr. Reed's claims against the defendants. Accordingly, after granting Mr. Reed leave to proceed *in forma pauperis*, the Court dismissed the complaint for failure to comply with Federal Rule of Civil Procedure 8(a) and for failure to

state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Mr. Reed was given leave to file an amended complaint.

On January 29, 2016, Mr. Reed filed an amended complaint naming himself and Ms. Howard as plaintiffs and naming Michelle Paye, Glady Watson, Jule Belton, Ms. Amanda Aquilla, and ACS Fritz Haverstick as defendants. Mr. Reed's claims appeared to be related to state-court dependency proceedings initiated by employees of the Department of Human Services (DHS), which resulted in the removal of his children from his care. The Court dismissed Ms. Howard as a plaintiff without prejudice because she failed to either pay the fees or file her own motion to proceed *in forma pauperis*.

As to Mr. Reed's claims, the Court dismissed the amended complaint because it again failed to comply with Rule 8(a) or clearly state a claim for the following reasons:

> It appears that the defendants work for DHS and/or were involved in the dependency proceedings in some capacity. Mr. Reed alleges that, in September of 2012, DHS filed a report alleging that he neglected his three children. The children were subsequently removed from Mr. Reed's care. Mr. Reed alleges that Jule Belton "broke the law" and committed "misconduct and negligence." He further alleges that the state court "remove[d] [the] children for no reason."
> The amended complaint does not further elaborate on those allegations. Instead Mr. Reed attached voluminous exhibits to his pleading totaling over 350 pages. He subsequently filed an additional 221 pages of exhibits. It is apparent that Mr. Reed seeks to challenge conduct and/or proceedings that resulted in the removal of his children from his custody, however, as with the initial complaint, it is not clear from the amended complaint which constitutional rights Mr. Reed believes were violated, how each defendant violated Mr. Reed's constitutional rights, or what (if any) constitutional defects he believes existed in the proceedings involving his children. The Court will not guess from the numerous exhibits filed in this case the particular facts giving rise to Mr. Reed's claims.

(March 1, 2016 Order, Document No. 7 (citations and footnote omitted).) The Court also explained in a footnote that "to the extent Mr. Reed is bringing claims against any of the defendants based on their role in preparing materials for or presenting matters to the state court in the course of legal proceedings related to his children, those defendants are entitled to absolute

2

immunity." (*Id.* at 2 n.1. (citing *B.S. v. Somerset Cnty.*, 704 F.3d 250, 262 (3d Cir. 2013).) Mr. Reed was given leave to file a second amended complaint.

On April 1, 2016, Ms. Howard filed a motion to proceed *in forma pauperis* and a complaint, which the Court treated as a second amended complaint. The second amended complaint identified Ms. Howard as the only plaintiff and named six defendants—Michelle Paye, Glady Waton (identified as a DHS employee), Jule Belton (identified as a social worker), Leslie Archer, Ms. Barbara A. Ash (identified as an Assistant City Solicitor), and Amanda Bavefield. The second amended complaint alleged that it was based on a September 10, 2012 DHS report, which claimed that Ms. Howard's children were suffering from neglect and which was apparently the basis for the initiation of dependency proceedings.

The second amended complaint essentially alleged that Mr. Belton and Ms. Waton (also identified a Ms. Watson) committed perjury in connection with the state-court proceedings. Ms. Howard further alleged that the state court removed the children even though there was no proof of neglect. The second amended complaint indicated that the case was subsequently discharged in December of 2012, but that social workers continued to visit Ms. Howard's apartment in connection with calls they allegedly received about missed medical appointments. Ms. Howard denied that she missed any medical appointments for her child. She alleged that certain defendants were guilty of "court criminal corruption" and that others are guilty of "kidnap for profit," (Sec. Am. Compl. ¶ III.C.), and sought to bring claims for monetary damages pursuant to 18 U.S.C. § 1621, 42 U.S.C. § 1983, and possibly 18 U.S.C. § 1001.

In an April 19, 2016 memorandum and order, the Court dismissed Mr. Reed as a plaintiff to this action because he failed to file a second amended complaint, and granted Ms. Howard leave to proceed *in forma pauperis*. The Court dismissed Ms. Howard's claims under 18 U.S.C.

§§ 1001 and 1621 as legally baseless because those criminal statutes do not give rise to civil liability. The Court then dismissed Ms. Howard's § 1983 claims because they appeared to be barred by either the applicable two-year statute of limitations or by principles of immunity. As it was "not entirely clear from the complaint whether Ms. Howard intended to raise claims based on events that occurred within the limitations period and based on conduct that would not be subject to immunity," the Court gave Ms. Howard leave to file a third amended complaint "in the event she [could] state a timely basis for a claim against a defendant who is not entitled to immunity." (Apr. 19, 2016 Mem. at 6.)

Ms. Howard filed a third amended complaint on May 19, 2016, which raises claims pursuant to 42 U.S.C. § 1983 against defendants Michelle Paye, Glady Watson, Jule Belton, Ms. Amanda Aquina, ACS Fritz Havestick, and Leslie Archer.[1] Again, her claims appear to be based on allegations that the defendants—who appear to be social workers, attorneys who work for the Philadelphia Department of Human Services, or public defenders—falsely reported in 2012 that she was neglecting her children and committed perjury in the course of dependency proceedings. She again references 18 U.S.C. § 1621. The complaint does not provide any additional factual allegations, instead relying on 160 pages of exhibits.

## II. STANDARD OF REVIEW

As Ms. Howard is proceeding *in forma pauperis*, the Court must dismiss her complaint if it is frivolous, fails to state a claim, or seeks monetary relief from an immune defendant. *See* 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir.

---

[1] The third amended complaint identifies another defendant, Michael Pratt, on the second page of the pleading, but did not identify that individual as a defendant in the caption.

4

1995). To survive dismissal for failure to state a claim, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. *Id.* Additionally, the Court may dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint. *See Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006); *cf. Ball v. Famiglio*, 726 F.3d 448, 459 (3d Cir. 2013). As plaintiff is proceeding *pro se*, the Court construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III. DISCUSSION

The third amended complaint does not cure the deficiencies in the second amended complaint. As the Court previously noted, Ms. Howard cannot state a claim under 18 U.S.C. § 1621 because that federal criminal statute does not give rise to civil liability. *See Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) ("We have been quite reluctant to infer a private right of action from a criminal prohibition alone."); *Oates v. City of Phila. Civil Serv. Comm'n*, Civ. A. No. 97-1220, 1998 WL 107300, at *1 (E.D. Pa. Feb. 18, 1998) (no private cause of action for violations of 18 U.S.C. § 1621), *aff'd* 176 F.3d 472 (3d Cir. 1999) (unpublished table disposition).

As for her § 1983 claims, Ms. Howard has not clearly set forth factual allegations as to how she believes each defendant violated her constitutional rights while acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."); *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007) ("A defendant in a civil rights

action must have personal involvement in the alleged wrongs to be liable . . . ." (quotations omitted)). To the extent her claims are based on events that occurred in September of 2012 or the defendants' alleged submission of false testimony in state court, those claims are barred by the statute of limitations or by principles of immunity for the same reasons the Court rejected those claims in the second amended complaint. (Apr. 19, 2016 Mem. at 5-6.) Furthermore, Ms. Howard may not rely on 160 pages of exhibits to state a claim because, as with Mr. Reed's complaints, doing so does not give the defendants or the Court notice of the factual basis for her claims against each defendant. Both Ms. Howard and Mr. Reed have been given opportunities to file amended complaints to clarify the basis for their claims but have thus far been unable to do so. In light of the history of this case, the Court concludes that further attempts at amendment would be futile. Accordingly, the Court will dismiss this case with prejudice. An appropriate order follows, which shall be docketed separately.